IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Mainstreet America Assurance Co., <br><br> *Plaintiff*, <br><br> v. <br><br> Barry Weasenforth, Candy Weasenforth and Justin Jay Weasenforth, <br><br> *Defendants*. | Civil No. 21-827 |

# OPINION

### I.     Introduction

This is an insurance coverage declaratory judgment action. Plaintiff Mainstreet America Assurance Co. ("Mainstreet") seeks a declaration that it has no duty to defend Barry Weasenforth ("Barry"), Candy Weasenforth ("Candy") or Justin Weasenforth ("Justin") (collectively, "defendants") in a lawsuit filed in the Court of Common Pleas of Fayette County, Pennsylvania (the "state court") by Michael Allen Weasenforth ("Michael") and Deanna ("Deanna") Weasenforth (collectively, "Intervenors"). Complaint, ECF No. 1. Pending before the court is a motion to intervene filed by the Intervenors (ECF No. 10). Mainstreet filed a response opposing intervention (ECF No. 11).

### II.     Factual and Procedural Background

Barry and Candy are husband and wife. Justin and Michael are their adult sons. Barry and Candy live at 1 Eighth Street, Uniontown, PA. Barry operates a contracting company, Weasenforth Home Improvement, as a sole proprietorship. Barry d/b/a Weasenforth

Improvement was the named insured under a Mainstreet Business Owners Policy. Justin is an electrician. The operative state court complaint alleges that Justin, although not an employee per se of the business, "offered his professional assistance as an electrician and general laborer to Weasenforth Home Improvement." (First Amended Complaint ¶ 10, ECF No. 11-1).

Barry and Candy owned a duplex at 480 South Mount Vernon Avenue, Uniontown, PA. They rented the upstairs unit to Justin, who lived there with his girlfriend and her child. The downstairs unit was rented to Michael and Deanna, who lived there with their two minor children. On January 8, 2019, there was a fire in which Michael's and Deanna's children tragically died.

The state court complaint alleges that prior to the fire, Intervenors "requested the services" of Barry to repair the electrical problems at the duplex. First Amended Complaint ¶ 13. The complaint alleges that Barry and Candy were negligent in failing to repair a faulty breaker box, allowing unrestricted use of extension cords, not keeping the electrical outlets in working order, and in permitting Justin to disconnect the baseboard heater. The complaint alleges that Justin was negligent in disconnecting the baseboard heater and that Justin was acting under Barry's supervision and control and as Barry's agent when he disconnected the heater. First Amended Complaint ¶ 91.

### III. Discussion

Federal Rule of Civil Procedure 24 governs a nonparty's right to intervene in litigation. The Rule provides, in pertinent part, as follows:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter

>   impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b) Permissive Intervention.
>
>   (1) In General. On timely motion, the court may permit anyone to intervene who:
>
>     (A) is given a conditional right to intervene by a federal statute; or
>
>     (B) has a claim or defense that shares with the main action a common question of law or fact.
>
> . . .
>
>   (3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.
>
> (c) Notice and Pleading Required. A motion to intervene must be served on the parties as provided in Rule 5. The motion **must** state the grounds for intervention **and be accompanied by a pleading that sets out the claim or defense for which intervention is sought**.

FED. R. CIV. P. 24 (emphasis added).

Pursuant to Rule 24(c), intervening parties "must" submit a pleading with their motion to intervene. The Intervenors' proposed order represents that their complaint in intervention will be filed as a separate docket entry after the court grants their motion. That procedure does not comport with the text of Rule 24(c).

The purpose of the requirement in Rule 24(c) is to ensure "that parties have advance notice of the claims that an intervenor plans to make." *Sec. & Exch. Comm'n v. Inv'rs Sec. Leasing Corp.*, 610 F.2d 175, 178 (3d Cir. 1979). Despite the compulsory language of the rule, some federal circuits allow district courts to excuse a failure to comply with Rule 24(c) in the exercise of their discretion, particularly where the purpose of intervention is apparent from their filing. *Associated Builders & Contractors of W. Pennsylvania v. Cty. of Westmoreland*, No. 2:19-CV-01213, 2020 WL 571691, at *2 (W.D. Pa. Jan. 21, 2020), report and recommendation adopted sub nom.

*Associated Builders & Contractors of W. Pennsuylvania v. Cty. of Westmoreland*, No. 2:19-CV-01213, 2020 WL 571031 (W.D. Pa. Feb. 5, 2020).  In this case, the court will not excuse the failure to comply with Rule 24(c) because the existing record is not sufficient to decide the motion to intervene.

Michael and Deanna argue that intervention is proper under Rule 24(a)(2) because they have an interest in a specific insurance fund.  Mainstreet opposes intervention on the basis that it provided a business liability insurance policy; and argues that Barry was acting in his capacity as a landlord rather than in his capacity as a home improvement contractor.  At count 3, Mainstreet seeks a declaration that Justin was not acting as a Weasenforth Home Improvement employee when he disconnected the baseboard heater.  (ECF No. 1).  It appears that these may be disputed issues -- the state court complaint alleges that Michael and Deanna sought Barry's "services" to correct the electrical problems; Justin provided services to the home improvement business; and Justin was acting under Harry's supervision and control when he disconnected the heater.  The pleading required by Rule 24(c) may be important in resolving these issues.

In addition, neither side meaningfully discussed permissive intervention under Rule 24(b).  Permissive intervention is subject to a less rigorous standard and may moot the parties' arguments about intervention as of right.  *See Dukich v. IKEA US Retail LLC,* No. CV 20-2182, 2021 WL 1534520, at *5 (E.D. Pa. Apr. 19, 2021) ("We need not decide whether the prospective plaintiffs are able to intervene in this action as of right under Rule 24(a) because they meet the requirements for permissive intervention under Rule 24(b).").

Mainstreet argued that "Intervenors' tort claims are unrelated to the sought declaration of Main Street's contractual obligations." (ECF No. 11 at 9).  Mainstreet cited the legal principle that an intervenor cannot assert common questions of law or fact between the insurance coverage dispute and the underlying tort action to determine liability for injuries caused if the intervenor

4

has only a contingent financial interest in a declaratory judgment action to establish insurance coverage. *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 228 (3d Cir. 2005). In *State Farm Fire & Casualty Co. v. Clark*, No. 2:13-CV-00067, 2013 WL 3049082 (W.D. Pa. June 17, 2013), the court distinguished *Treesdale* and explained that permissive intervention may be appropriate where there is a dispute about whether the tortfeasor was acting in a business capacity:

> This fact puts the [ ] motion on different footing from other insurance intervention cases such as *Treesdale*, where the facts of the insured's underlying liability to the injured party had little, if anything, to do with whether the insurer has the obligation to defend the insured. *Cf. Treesdale*, 419 F.3d at 219, 227 (whether insured's asbestos caused underlying plaintiffs' injuries vs. whether insurer had exhausted its coverage of insured). It is far closer to the facts of *Travelers Indem. Co. v. Bastianelli*, 250 F.R.D. 82 (D. Mass. 2008), which permitted Rule 24(b) intervention where an employee of an insured company hit the underlying plaintiff with a pickup truck, and the question whether the employee was using the truck for commercial purposes was relevant both to determine the insured employer's liability in the underlying action and the insurer's coverage of the insured.

*Id.* at *2. Here, the parties appear to dispute whether Barry and Justin were acting in a business capacity.

The decision to allow permissive intervention is committed to the discretion of the district court. In exercising that discretion, the court should consider: (1) whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights; (2) whether the proposed intervenors will add anything to the litigation; and (3) whether the proposed intervenors' interests are already adequately represented in the litigation.[1] *Tamberelli v. Alkermes, Inc*., No. 3:16-CV-1681, 2017 WL 6503631, at *2 (M.D. Pa. Dec. 19, 2017). "The permissive intervention rule is to be construed liberally with all doubts resolved in favor of permitting intervention." *Koprowski v. Wistar Inst. of Anatomy & Biology*, No. CIV. A. 92-CV-1132, 1993 WL 332061, at *2 (E.D. Pa.

---

[1] The court notes that the named defendants did not respond to the declaratory judgment complaint and Mainstreet moved for default (ECF No. 12).

Aug. 19, 1993). The existing record is not sufficient to enable the court to exercise its discretion with respect to permissive intervention.

### IV.     Conclusion

In sum, the motion for intervention (ECF No. 10) will be DENIED without prejudice to reassert, as explained above. An appropriate order will be entered.

Dated: September 29, 2021          BY THE COURT:

<u>/s/ Joy Flowers Conti</u>
Joy Flowers Conti
Senior United States District Judge