IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Mainstreet America Assurance Co., <br><br> *Plaintiff*, <br><br> v. <br><br> Barry Weasenforth, Candy Weasenforth and Justin Jay Weasenforth, <br><br> *Defendants*. | Civil No. 21-827 |

## OPINION

### I.      Introduction

This is an insurance coverage declaratory judgment action.  Plaintiff Mainstreet America Assurance Co. ("Mainstreet") seeks a declaration that it has no duty to defend Barry Weasenforth ("Barry"), Candy Weasenforth ("Candy") or Justin Weasenforth ("Justin") (collectively, "defendants") in a lawsuit filed in the Court of Common Pleas of Fayette County, Pennsylvania (the "state court") by Michael Allen Weasenforth ("Michael") and Deanna ("Deanna") Weasenforth (collectively, "Intervenors").  Complaint, ECF No. 1.

Pending before the court are the following: (1) a motion for default judgment (ECF No. 15) filed by Mainstreet; and (2) a motion and amended motion to intervene filed by Michael and Deanna Weasenforth (ECF Nos. 17 and 20).  Mainstreet filed responses opposing intervention (ECF Nos. 18, 21).  The clerk of court entered default against Barry, Candy and Justin Weasenforth (ECF No. 19).

## II.     Factual and Procedural Background

Barry and Candy are husband and wife.  Justin and Michael are their adult sons.  Barry and Candy live at 1 Eighth Street, Uniontown, PA.   Barry operates a contracting company, Weasenforth Home Improvement, as a sole proprietorship.   Barry d/b/a Weasenforth Home Improvement was the named insured under a Mainstreet Business Owners Policy.  Justin is an electrician.  The operative state court complaint alleges that Justin, although not an employee per se of the business, "offered his professional assistance as an electrician and general laborer to Weasenforth Home Improvement."  (First Amended Complaint ¶ 10, ECF No. 11-1).

Barry and Candy owned a duplex at 480 South Mount Vernon Avenue, Uniontown, PA. They rented the upstairs unit to Justin, who lived there with his girlfriend and her child.  The downstairs unit was rented to Michael and Deanna, who lived there with their two minor children. The lease was executed by Candy as the landlord.  On January 8, 2019, there was a fire in which Michael's and Deanna's children tragically died.

The state court complaint alleges that prior to the fire, Intervenors "requested the services" of Barry to repair the electrical problems at the duplex.  First Amended Complaint ¶ 13. The complaint alleges that Barry and Candy were negligent in failing to repair a faulty breaker box, allowing unrestricted use of extension cords, not keeping the electrical outlets in working order, and in permitting Justin to disconnect the baseboard heater.  The complaint alleges that Justin was negligent in disconnecting the baseboard heater and that Justin was acting under Barry's supervision and control and as Barry's agent when he disconnected the heater.  First Amended Complaint ¶ 91.  Barry, Candy and Justin have not participated in this federal declaratory judgment action in any way.  On October 15, 2021, the clerk entered default against Barry, Candy and Justin.

### III.     Discussion

A lawsuit is ongoing between the members of the Weasenforth family in the state court. Mainstreet filed this action in federal court seeking a declaration that it has no duty to provide coverage in connection with the state court lawsuit.  Barry and Candy did not respond to the declaratory judgment complaint filed by Mainstreet and default has been entered.  This court, therefore, will not have an opportunity to rule on the coverage question on the merits.  Mainstreet continues to oppose intervention by Michael and Deanna Weasenforth.[1]  If the court were to enter the default judgment requested by Mainstreet, that judgment would have preclusive effect in the state court.

In *Crum & Forster Specialty Ins. Co. v. Strong Contractors, Inc.*, 488 F. Supp. 3d 192, 195 (E.D. Pa. 2020), the court faced the same procedural dilemma and declined to exercise jurisdiction over the insurance coverage declaratory judgment action.  A district court "may *sua sponte* exercise its discretion not to hear a declaratory judgment action."  *Id.* at 198 (citing *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 136 (3d Cir. 2000)); *see Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 132-33 (3d Cir. 2014) (remanding case although neither party argued that district court should decline to exercise jurisdiction).

The court in *Strong Contractors* evaluated the following factors to decide whether to retain jurisdiction:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
>
> (2) the convenience of the parties;
>
> (3) the public interest in settlement of the uncertainty of obligation;

---

[1] On September 29, 2021, the court denied the initial motion to intervene without prejudice (ECF Nos. 13, 14). Significant disputes remain about whether intervention would be proper. The court has discretion about whether to allow permissive intervention.

(4) the availability and relative convenience of other remedies;

(5) a general policy of restraint when the same issues are pending in a state court;

(6) avoidance of duplicative litigation;

(7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata; and

(8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

*Id.* (quoting *Reifer*, 751 F.3d at 146) (establishing a uniform approach to "clarify for parties and district courts the relevant considerations to sound and reasoned discretion").

In *Strong Contractors*, the court concluded that virtually all factors weighed strongly against retaining jurisdiction. *Id.* at 200. The court's analysis is persuasive and applies equally to this case. The court will briefly review the applicable factors.

1. Likelihood that federal declaration will resolve uncertainty of obligation

As in *Strong Contractors*, the failure of the policy holder to appear and the entry of default weighs against the exercise of jurisdiction. If the court accepts jurisdiction and grants Mainstreet's motion for default judgment, that action would—without any litigation on the merits—conclusively decide the issue of coverage in Mainstreet's favor. Such a result would be inequitable. *Id.* at 199. The court cited numerous decisions declining to exercise jurisdiction rather than enter default judgment in similar circumstances. *Id.*

2. Convenience

The underlying events occurred in the vicinity of Uniontown, PA, and the state court action is proceeding in the Court of Common Pleas of Fayette County, PA, which is also located in Uniontown, PA. The court takes judicial notice that it takes approximately 1 hour and 10 minutes

to drive to the federal courthouse in Pittsburgh, PA, where this declaratory judgment action would proceed.  It would be more convenient for the insurance coverage and underlying actions to be decided in a more geographically proximate location.

3.   Public interest

As explained in *Strong Contractors*, there is no pressing need for an insurance coverage dispute to be resolved in federal court.  *Id.*

4.   Availability of other remedies

As explained in *Strong Contractors*, the state court litigation provides an available, and more convenient, forum to resolve the insurance coverage dispute.  The court in *Strong Contractors* observed that if the insurance company had filed its declaratory judgment action in the Pennsylvania courts, the party attempting to intervene would have been deemed an indispensable party. *Id.*  In addition, as a matter of logic, even if the issue of insurance coverage is not explicitly raised in the state court, it will necessarily arise in the context of settlement discussions or garnishment proceedings.  *Id.* (emphasis in original omitted).

5.   Policy of restraint

In *Strong Contractors*, the court's analysis of this factor overlapped with its discussion of factors 4, 6 and 7.  In short, the issues Mainstreet asks this court to decide will overlap with the issues that will necessarily arise in the state court litigation.  The policy of restraint counsels this court to decline to exercise jurisdiction under these circumstances.

6.   Avoidance of duplicative litigation

The existence of a separate federal action will likely result in duplication of effort and additional time and expense for the parties.

7.   Prevention of use of the declaratory judgment action as a tactic

Mainstreet continues to oppose Michael's and Deanna's efforts to intervene in this action and seeks to obtain a declaratory judgment by way of a motion for default judgment. The court need not disparage Mainstreet's motives or its original intent in seeking declaratory relief. Mainstreet's present litigation posture, however, does constitute a type of "procedural fencing" and attempted use of a federal forum to obtain a non-merits ruling that would have preclusive effect in the state court action. The court in *Strong Contractors* rejected a similar litigation approach. *Id.* at 200.

8. Inherent conflict between duty to defend and assertion of policy exclusion

The court in *Strong Contractors* concluded that this factor was neutral. This court does not have sufficient information to thoroughly analyze this factor with respect to Mainstreet's duty to defend Barry and Candy Weasenforth in the state court. The court concludes, however, that this factor does not weigh in favor of retaining jurisdiction, particularly in light of the other factors.

**IV.     Conclusion**

In sum, for the reasons set forth above, virtually all the relevant factors weigh strongly against retaining jurisdiction. The court will decline to exercise jurisdiction over this insurance coverage declaratory judgment action and it will be dismissed without prejudice. All pending motions will be denied without prejudice and this case will be marked closed. An appropriate order will be entered.

Dated: November 9, 2021             BY THE COURT:

                                                       /s/ Joy Flowers Conti
                                                       Joy Flowers Conti
                                                       Senior United States District Judge

6