IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Mainstreet America Assurance Co., <br><br> *Plaintiff*, <br><br> v. <br><br> Barry Weasenforth, Candy Weasenforth and Justin Jay Weasenforth, <br><br> *Defendants*. | Civil No. 21-827 |

**OPINION**

**I.     Introduction**

This is an insurance coverage declaratory judgment action. Plaintiff Mainstreet America Assurance Co. ("Mainstreet") seeks a declaration that it has no duty to defend Barry Weasenforth ("Barry"), Candy Weasenforth ("Candy") or Justin Weasenforth ("Justin") (collectively, "defendants") in a lawsuit filed in the Court of Common Pleas of Fayette County, Pennsylvania (the "state court") by Michael Allen Weasenforth ("Michael") and Deanna ("Deanna") Weasenforth (collectively, "Intervenors"). Complaint, ECF No. 1.

On November 9, 2021, the court issued an opinion and order declining to exercise jurisdiction under the Declaratory Judgment Act (ECF Nos. 22, 23). Now pending before the court is a motion for reconsideration (ECF No. 24) filed by Mainstreet.

**II.    Factual and Procedural Background**

The court incorporates the background as set forth in its November 9, 2021 opinion, to which Mainstreet did not object. Barry and Candy are husband and wife. Justin and Michael are

their adult sons. Barry and Candy live at 1 Eighth Street, Uniontown, PA. Barry operates a contracting company, Weasenforth Home Improvement, as a sole proprietorship. Barry d/b/a Weasenforth Home Improvement was the named insured under a Mainstreet Business Owners Policy. Justin is an electrician. The operative state court complaint alleges that Justin, although not an employee per se of the business, "offered his professional assistance as an electrician and general laborer to Weasenforth Home Improvement." (First Amended Complaint ¶ 10, ECF No. 11-1).

Barry and Candy owned a duplex at 480 South Mount Vernon Avenue, Uniontown, PA. They rented the upstairs unit to Justin, who lived there with his girlfriend and her child. The downstairs unit was rented to Michael and Deanna, who lived there with their two minor children. The lease was executed by Candy as the landlord. On January 8, 2019, there was a fire in which Michael's and Deanna's children tragically died.

The state court complaint alleges that prior to the fire, Intervenors "requested the services" of Barry to repair the electrical problems at the duplex. First Amended Complaint ¶ 13. The complaint alleges that Barry and Candy were negligent in failing to repair a faulty breaker box, allowing unrestricted use of extension cords, not keeping the electrical outlets in working order, and in permitting Justin to disconnect the baseboard heater. The complaint alleges that Justin was negligent in disconnecting the baseboard heater and that Justin was acting under Barry's supervision and control and as Barry's agent when he disconnected the heater. First Amended Complaint ¶ 91.

Barry, Candy and Justin have not participated in this federal declaratory judgment action in any way. Mainstreet represents in its motion for reconsideration that they cannot afford to hire an attorney. (ECF No. 24 at 4).

On September 9, 2021, Michael and Deanna filed a motion to intervene in this case (ECF No. 10). Mainstreet opposed intervention (ECF No. 11). On September 28, 2021, Mainstreet filed a motion for entry of default against Barry, Candy and Justin (ECF No. 12). On September 29, 2021, the court issued and opinion and order denying without prejudice the motion to intervene (ECF Nos. 13, 14). The court noted in its opinion that Mainstreet's motion for entry of default was pending (ECF No. 14 at 5 n.1). On September 30, 2021, Mainstreet filed a motion for default judgment against Barry, Candy and Justin (ECF No. 15).

Michael and Deanna renewed their motion to intervene as of right (ECF Nos. 16, 17). Mainstreet filed a supplement, again opposing intervention (ECF No. 18). Michael and Deanna filed an amended motion, seeking permissive intervention (ECF No. 20). Mainstreet filed a brief continuing to oppose intervention (ECF No. 21).

In sum, at the time the court issued its opinion and order declining to exercise jurisdiction, the procedural status reflected: (1) default had been entered against Barry, Candy and Justin on Mainstreet's motion (ECF No. 19); (2) Mainstreet's motion for default judgment (filed the day after the court denied Michael and Deanna's first motion to intervene) was pending; and (3) Mainstreet continued to oppose Michael and Deanna's renewed efforts to intervene.

### III.     Standard of Review

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration must rely on one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or fact or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration should not be used to ask a district court

3

to rethink a decision it has already rightly or wrongly made. *Williams v. Pittsburgh*, 32 F. Supp.2d 236, 238 (W.D. Pa. 1998).

Motions for reconsideration do not provide litigants with a second bite at the apple. As explained in *Reich v. Compton*: "Motions for reconsideration should not relitigate issues already resolved by the court and should not be used 'to put forward additional arguments which [the movant] could have made but neglected to make before judgment.'" *Reich*, 834 F. Supp. 753, 755 (E.D. Pa. 1993), *aff'd in part, rev'd in part*, 57 F.3d 270 (3d Cir. 1995) (quoting *Dodge v. Susquehanna Univ.*, 796 F. Supp. 829, 830 (M.D. Pa. 1992)). *See Rottmund v. Continental Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992) ("Because of the interest in finality, however, courts should grant motions for reconsideration sparingly.").

### IV.  Discussion

Mainstreet's motion is not a traditional motion for reconsideration. Mainstreet does not identify any intervening changes in the law or new evidence. Mainstreet does not identify any errors of law or fact (let alone clear errors or manifest injustice) in the court's November 9, 2021 opinion and order. Mainstreet acknowledges that the factors set forth in *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 132-33 (3d Cir. 2014), are the proper factors for the court to consider in exercising its discretion under the Declaratory Judgment Act. Mainstreet does not contest the court's ability to sua sponte decline jurisdiction. Mainstreet recognizes the court's reliance on *Crum & Forster Specialty Ins. Co. v. Strong Contractors, Inc.*, 488 F. Supp. 3d 192, 195 (E.D. Pa. 2020), as a persuasive precedent and makes no effort to distinguish the applicability of that decision.

Instead, in the pending motion, Mainstreet seeks to change retroactively its litigation position and asks the court re-weigh the *Reifer* factors based on Mainstreet's new position.

4

Specifically, Mainstreet proposes to: (1) withdraw its motion for default judgment against Barry, Candy and Justin; and (2) consent to permissive intervention by Michael and Deanna.  In short, Mainstreet does not seek reconsideration of the court's original decision; instead, it seeks a second bite at the apple based on hindsight and changed circumstances.

Mainstreet's motion is not persuasive.  Mainstreet had numerous opportunities to take the litigation position it now seeks to assert.  Mainstreet opposed intervention by Michael and Deanna three times (ECF Nos. 11, 18, 21).  Mainstreet persisted in opposing intervention after the court noted its concern about the pending motion for default judgment against Barry, Candy and Justin. Mainstreet affirmatively sought default judgment after the court denied the initial motion to intervene.  Mainstreet did not communicate its intent to withdraw the motion for default judgment or consent to intervention in any way prior to the pending motion for reconsideration.  Mainstreet, in hindsight, seeks to put forward new arguments which Mainstreet could have made but neglected to make before judgment.  *Reich*, 834 F. Supp. at 755.  Reconsideration is not warranted.[1]  *See McDonald's Corp. v. E. Liberty Station Assocs.*, No. CV 14-313, 2017 WL 3140799, at *1 (W.D. Pa. July 25, 2017) (litigant's "change of position, however, comes too late in the day and does not provide the basis for this Court to reconsider its earlier ruling.").

---

[1] Even if the court were inclined to reweigh the *Reifer* factors – which it is not – the court would likely reach the same result.  *Strong Contractors* remains a persuasive precedent and factors such as the convenience of the parties, the public interest in a federal court ruling on this state law issue, the conceded availability of a state forum, the general policy of restraint, and the avoidance of duplicative litigation continue to weigh strongly in favor of declining jurisdiction.

### V. Conclusion

In sum, for the reasons set forth above, Mainstreet's motion for reconsideration (ECF No. 24) will be DENIED. The court adheres to its decision to decline to exercise jurisdiction over this insurance coverage declaratory judgment action.

An appropriate order will be entered.

Dated: November 30, 2021

                                      BY THE COURT:

                                      <u>/s/ Joy Flowers Conti</u>
                                      Joy Flowers Conti
                                      Senior United States District Judge